UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN SAIZ,<br><br>        Plaintiff,<br><br>v.<br><br>SENIOR DEP. PUTNAM,<br><br>        Defendants. | Case No. 1:20-cv-01231-NONE-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, BECAUSE OF PLAINTIFF'S FAILURE TO PROSECUTE AND COMPLY WITH THE COURT'S ORDERS<br><br>(ECF Nos. 19, 24)<br><br>OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN DAYS |

Plaintiff Martin Luiz Saiz is a state inmate or pretrial detainee[1] proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Because Plaintiff has failed to prosecute this case and comply with the Court's orders, the Court recommends dismissal of this case without prejudice.

**I.    BACKGROUND**

Plaintiff filed suit on August 31, 2020 against "Senior Dep. Mrs. Putnam" and "Senior Dep. Ms. Schrieber." (ECF No. 1, p. 1). Plaintiff brought claims concerning failure to protect, denial of due process, and retaliation. (ECF Nos. 1, 6). Generally, these claims stemmed from

---

[1] Plaintiff alleges the underlying actions occurred in Kings County Jail, which is where many pretrial detainees are held. However, Plaintiff provides both an inmate number at Kings County Jail and a CDCR inmate number, indicating that Plaintiff is an inmate being held at Kings County Jail. The Court presumes that Plaintiff has been convicted. Regardless, the distinction as to whether Plaintiff has been convicted or is a pretrial detainee is not material here.

Plaintiff's allegations that Defendants refused his requests to be placed in protective custody general population, as opposed to being placed in a cell with a violent inmate, and then retaliated against him by placing him in administrative segregation.

In screening the complaint, the Court concluded that Plaintiff stated "cognizable claims against Defendants Putnam and Schrieber for (1) violating his due process rights with respect to housing him in administrative segregation and (2) violating his First Amendment rights by retaliating against him for his protected speech" but that Plaintiff "faile[ed] to state any other claims." (ECF No. 6, pp. 9-10). The Court provided Plaintiff with choices on how to proceed, Plaintiff elected to proceed on only those claims that this Court found cognizable. (ECF No. 7).[2]

Accordingly, the undersigned issued findings and recommendations consistent with the screening order. (ECF No. 11). After Plaintiff failed to file objections within the period allowed, the District Court adopted the findings and recommendations, dismissing the claims that the undersigned concluded were not cognizable. (ECF No. 14). Thereafter, Defendants answered the complaint. (ECF No. 17).

### III. ORDER FOR SCHEDULING AND DISCOVERY STATEMENT

On February 25, 2021, the Court entered an order requiring the parties to file scheduling and discovery statements within thirty days of service of the order. (ECF No. 19, p. 1). The statements were to identify information helpful for discovery and the scheduling of the case, such as the parties' claims and/or defenses, the description and location of documents that may be used at trial, and the names and phone numbers of potential witnesses. (*Id.*). On March 26, 2021, Defendants filed their scheduling and discovery statement. (ECF No. 20). Plaintiff did not file his statement by the deadline or request an extension of time to do so.

Accordingly, on April 20, 2021, the Court *sua sponte* entered an order granting Plaintiff

---

[2] Plaintiff's filing also states as follows: "I've still have to and had to exhaust the grievance process to go forward which KCJ authorities still give me denials and resistance . . . ." (ECF No. 7, p. 1). Defendants' scheduling and discovery statement states that "Defendants anticipate filing a motion for summary judgment regarding the issue of exhaustion . . . ." (ECF No. 20, p. 2). If it is true that Plaintiff has failed to exhaust his administrative remedies before filing this lawsuit, dismissal without prejudice would be appropriate. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."), *overruled on other grounds by Albino v. Baca,* 747 F.3d 1162 (9th Cir. 2014).

21 additional days from the date of service of the order to file his scheduling conference statement. (ECF No. 24). The Court noted that, if Plaintiff again failed to file his statement by the deadline, "the Court may issue findings and recommendations to the assigned district judge, recommending that this action be dismissed, without prejudice, for failure to prosecute and failure to comply with court orders." (*Id.* at 1). The 21-day period for Plaintiff to file his scheduling conference statement has now passed without Plaintiff filing a statement or any request for extension of time to file one.

**III. ANALYSIS**

"In determining whether to dismiss a[n] [action] for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Accordingly, this factor weighs in favor of dismissal.

As to the Court's need to manage its docket, "[t]he trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Id.* Here, Plaintiff's failure to file a scheduling conference statement as required by the Court's orders (ECF Nos. 19, 24) and otherwise prosecute this action is delaying the case. Specifically, the scheduling statement is an important document for the Court to reference throughout the course of litigation in order to understand how the parties' view their claims and defenses. Moreover, Plaintiff's failure to file his statement by has delayed this Court's ability to issue a scheduling order for approximately two months. And without being able to issue a scheduling order, this case is stalled from progressing further with discovery and other case-related deadlines. Therefore, the second factor weighs in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in

3

and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.* at 643, and it is Plaintiff's failure to prosecute this case and comply with the Court's orders that is causing delay and preventing this case from progressing. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, given that Plaintiff has chosen not to prosecute this action and fails to comply with the Court's orders, despite being warned of possible dismissal, there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Monetary sanctions are of little use, considering Plaintiff's *in forma pauperis* status. And given the stage of these proceedings, the preclusion of evidence or witnesses is not available. Additionally, because the dismissal being considered in this case is without prejudice, the Court is stopping short of using the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor weighs against dismissal. *Id.*

## IV. CONCLUSION AND RECOMMENDATIONS

After weighing the factors, the Court finds that dismissal without prejudice is appropriate. Accordingly, the Court HEREBY RECOMMENDS that:

1. This case be dismissed, without prejudice, because of Plaintiff's failure to prosecute and comply with the Court's orders; and

2. The Clerk of Court be directed to close this case.

These findings and recommendations are submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

\\\

\\\

4

Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections.

IT IS SO ORDERED.

Dated: **June 1, 2021**

/s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE